# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-61651-BLOOM/Valle

LORENA ZAVALA and
LUCIANO CASTRO,

      Plaintiffs,

v.

SELECT PORTFOLIO SERVICING INC,

      Defendants.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss Plaintiffs' Complaint, ECF No. [13] (the "Motion"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is granted.

### I.    BACKGROUND

Plaintiffs Lorena Zavala and Luciano Castro ("Plaintiffs") initiated this lawsuit on July 19, 2018 against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

According to Plaintiffs' Complaint, Plaintiffs were named as defendants in a foreclosure lawsuit in the 17th Judicial Circuit, in and for Broward County, Florida, CACE-16-002326 ("Foreclosure Action"). ECF No. [1] at ¶ 21. On March 1, 2016, Loan Lawyers, LLC appeared on behalf of the Plaintiffs in the Foreclosure Action. *Id.* at ¶ 22. From on or about March 14, 2018 to on or about May 15, 2018, Defendant mailed correspondence to Plaintiffs' primary residence. *Id.* at ¶ 29. Plaintiffs have identified two mortgage statements (the "Mortgage

Statements") that Defendant mailed to Plaintiffs, with "Statement Dates" of February 14, 2018 and April 12, 2018, respectively. ECF No. [1-2]. Plaintiffs allege there are "more statements" that Defendant sent Plaintiffs in addition to the Mortgage Statements attached to the Complaint. ECF No. [1] at ¶ 29. Plaintiffs claim that the Mortgage Statements constituted an attempt to collect a debt by communicating with the Plaintiffs when Defendant knew that Plaintiffs were represented by an attorney in violation of the FDCPA (Count I) and FCCPA (Count II) . *Id.* at ¶¶ 14-16.

Defendant filed the instant Motion on September 4, 2018. Plaintiffs' Response, and Defendant's Reply, timely followed. *See* ECF Nos. [20], [25].

## II.  LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III. DISCUSSION

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers, and prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f; *see* 15 U.S.C. § 1692e; *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). Under the

FDCPA, a debt collector who "fails to comply with any provision . . . with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and "additional damages." 15 U.S.C. § 1692k(a). "In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a 'debt collector' under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1306-07 (S.D. Fla. 2011) (citing *Wise v. Cach*, 2010 WL 1257665, *2 (S.D. Fla. Mar. 26, 2010)). "The first element of an FDCPA claim has two requirements—there must be collection activity and this activity must relate to a consumer debt." *Id.* at 1307 (citing *Buckley v. Bayrock Mortg. Corp.*, 2010 WL 476673, *6 (N.D. Ga. Feb. 5, 2010)).

The FDCPA and FCCPA both prohibit the sending of debt collection communications to a debtor if the sender has been notified that the debtor is being represented by counsel in regards to the debt. In relevant part, the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
>> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer

15 U.S.C. § 1692c(a). Similarly, the FCCPA provides that, in the collection of debts, the following is unlawful:

> [To] [c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the

debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Fla. Stat. § 559.72(18). The statutes are largely identical and "the FCCPA is construed in accordance with the FDCPA." *Lilly v. Bayview Loan Servicing, LLC*, No: 2:17-cv-00345, 2017 WL 4410040 at *2 (M.D. Fla. 2017) (citing *Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 839 (11th Cir. 2010)).

In *Jones v. Select Portfolio Servicing, Inc.*, No. 1:18-CV-20389, 2018 WL 2316636, at *4 (S.D. Fla. May 2, 2018), the district court held that where "a mortgage servicer has sent mortgage statements substantially in compliance with the TILA, which do not materially deviate in substance from the Regulation Z model form and which factually apprise the borrower of his delinquency status, it should not be held liable under § 1692c of the FDCPA for its apparent good faith compliance with the TILA." *Jones*, 2018 WL 2316636, at *4. Relying on *Jones*, this Court recently found mortgage statements substantially similar to those in *Jones* to not constitute debt collection activity. *Mills v. Select Portfolio Servicing, Inc.*, No. 18-cv-61012-BLOOM/Valle, (S.D. Fla. Oct. 19, 2018).

Defendant argues that the two mortgage statements Plaintiffs have identified are substantially similar to the model mortgage statements provided by TILA and to the mortgage statements in *Jones* and are not debt collection activity. Plaintiffs respond that the two mortgage statements contain additional language that exceeds what is required to send a TILA-compliant statement and which constitutes an attempt to collect a debt. Specifically, Defendants identify seven supposedly violative additional pieces of content not found in the model mortgage statements: (1) Defendant's customer service hours; (2) "interest bearing principal" and "deferred principal" amounts; (3) an advanced description of the balance in the "Transaction Activity" section; (4) additional information in the "Explanation of Amount Due" section; (5) a

statement in the "Delinquency Notice" section that "SPS has completed the first notice or filing required to start a foreclosure." (6) Defendant's contact information; (7) an "Important Messages" section, which states "[t]his is an attempt to collect a debt. All information obtained will be used for that purpose."; and (8) the backside of the Mortgage Statements. The Court is not convinced that this additional information converts the Mortgage Statements from TILA-compliant to debt collection activity.

The Mortgage Statements are based on model forms H-30(B) Sample Form of Periodic Statement with Delinquency Box § 1026.41, in Appendix H to Part 1026 of Regulation Z. *Compare* ECF No. [1-2], *and* ECF No. [13-2]. The model form contains all of the same sections that Plaintiffs point to in their response, such as the "Important Messages" and "Delinquency Notice" sections. Moreover, the Court finds that the language Plaintiffs identify within each section are minor discrepancies with the sample form that do not amount to an attempt to collect a debut. Additionally, although the model form does not contain a backside, the "Delinquency Notice" section states "If You Are Experiencing Financial Difficulty; See the back for Information about mortgage counseling or assistance." Clearly the model form contemplates that the backside of a mortgage statement will provide customers additional information regarding mortgage counseling or assistance, as the backside of Defendant's Mortgage Statements does.

The district court in *Jones* addressed similar discrepancies between the H-30(B) Sample Form and information provided in the mortgage statements in each of the above sections identified by Plaintiffs, including the disclosure that "[t]his is an attempt to collect a debt…" *Jones*, 2018 WL 2316636, at *4. The district court concluded that "the minor discrepancies in language noted above, when taken in the context of the document as an otherwise carbon copy of

form H-30(B), do not take the Statements out of the realm of monthly statement and into the realm of debt collection communication. *Id.*

At least one other court in this district has considered the same disclosure language – "this is an attempt to collect a debt" – but concluded that it could convert a monthly statement into debt collection activity. *See Lear v. Select Portfolio Servicing, Inc.,* No. 17-62206-CIV, 2018 WL 1960108, at *3 (S.D. Fla. Apr. 25, 2018) (holding that language such as "this is an attempt to collect a debt" went beyond the minimum required by the TILA and could therefore be considered FDCPA debt collection communication). However this Court agrees with the reasoning in *Jones* that such language does not automatically convert a monthly statement into debt collection activity. This is because "according to the CFPB guidance, lenders and servicers that have been instructed to 'cease communication,' are permitted to send periodic statements to borrowers who have defaulted so long as the communications substantially comply with the TILA regulations. Implementation Guidance for Certain Mortgage Servicing Rules, 10152013 CFPBGUIDANCE, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013) (explaining that periodic statements are mandated by the Dodd-Frank Act, which "presents a more recent and specific statement of legislative intent regarding these disclosures than does the FDCPA.") *Jones*, 2018 WL 2316636, at *4.

Accordingly, as Plaintiffs cannot state a claim under the FDCPA with respect to the Mortgage Statements sent pursuant to federal law, Defendant's Motion to Dismiss Count I with prejudice is granted as to the Mortgage Statements.

With regard to communications under the FCCPA, Florida courts have also held that monthly mortgage statements do not constitute an attempt to collect a debt under the FCCPA. *See Vanecek v. Discover Financial Services, LLC,* No. COCE14023621, 2015 WL 6775633 (Fla.

17th Cir. Ct. 2015) ("the monthly billing statement was not an attempt to collect a debt as a matter of law"). Further, the FCCPA provides that "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the ... federal courts relating to the [FDCPA]." Fla. Stat. § 559.77(5). Accordingly, for the reasons stated above, Count II of Plaintiffs' Complaint is also dismissed with prejudice as to the Mortgage Statements.

However, in the Complaint, Plaintiffs also allege that there are "more statements" than those attached to the Complaint. The Court grants Plaintiffs leave to amend their Complaint to specifically identify these other communications, to the extent that the communications are not mortgage statements substantially similar to those discussed in this Opinion. Plaintiff must set forth, with specificity, how these other communications constitute violations of the FDCPA (§ 1692c(a)(2)) as alleged in Count I and the FCCPA (Fla. Stat. § 559.72(18)) as alleged in Count II. *See Jones*, at *5 (requiring the plaintiff to specifically identify "other" communications and explain how communications violate the FCCPA and FDCPA).[1]

## IV.    CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Select Portfolio Servicing Inc.'s Motion to Dismiss Plaintiffs' Complaint, **ECF No. [13],** is **GRANTED**.

2. Plaintiffs are permitted to file an Amended Complaint no later than **December 7, 2018**.

---

[1] The Court rejects Plaintiffs' additional argument that it is premature their FDCPA claim at the motion to dismiss stage. *See* ECF No. [20] at 3-4. Courts have routinely determined at the motion to dismiss stage that mortgage statements are not debt collection. *See, e.g.*, *Brown v. Select Portfolio Servicing, Inc.*, No. 16-62999-CIV, 2017 WL 1157253, at *4 (S.D. Fla. Mar. 24, 2017); *Green v. Specialized Loan Servicing LLC*, 280 F. Supp. 3d 1349, 1355 (M.D. Fla. 2017).

3. The Hearing on Defendant's Motion to Dismiss Plaintiffs' Complaint, currently scheduled for November 29, 2018 at 9:00 a.m, is **CANCELED**. *See* ECF No. [28].

**DONE AND ORDERED** in Miami, Florida, this 27th day of November, 2018.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record